# AFFIDAVIT

1) **AFFIANT/AGENT.** I, Kevin Backes, a Border Patrol Agent of the United States Border Patrol, Customs and Border Protection (USBP/CBP), have been employed by USBP/CBP for 22 years and am currently assigned to the Grand Forks Border Patrol Sector Prosecution Unit.

   Your affiant has reason to believe that PONCE-Alvarez, Marco Antonio (DOB: XX/XX/1999), illegally re-entered the United States after being removed, in violation of 8 U.S.C. § 1326(a).

2) **INITIAL ENCOUNTER.** On February 4, 2025, at approximately 7:10 AM, Officer Wollman of the New Town Police Department contacted Portal Border Patrol for assistance. The officer had encountered a single subject during a traffic stop for no front plate (North Dakota 195ELW), in New Town, North Dakota. The driver, identified as PONCE, provided a New Mexico Driver's License (#5207755595) and was unable to communicate in the English language. Upon running record checks on the driver, the officer noticed an arrest for immigration which prompted her to contact the Border Patrol.

   Border Patrol Agent (BPA) Labatore contacted the officer and conducted checks based on the subject's biographical information. Record checks indicated that PONCE has prior immigration history and had been ordered removed from the United States. PONCE also has a criminal arrest record. No records could be found to show PONCE has any current immigration documents allowing them to reside, pass through, or remain in the United States legally.

   BPA Labatore requested to speak with PONCE, identified himself as a United States Border Patrol Agent, and conducted an immigration inspection in the Spanish language. PONCE admitted to being a citizen of Mexico and not in possession of any current immigration documents allowing him to remain in the United States.

   At approximately 7:45 AM, BPA Labatore requested Officer Wollman detain the subject at the Mountrail County Corrections Center in Stanley, North Dakota, until Border Patrol could arrive to take the subject into custody.

   On February 4, 2025, at approximately 8:40 AM, BPA Engelstad arrived at the Mountrail County Corrections Center, placed the subject into Border Patrol custody and transported him to the Portal Border Patrol Station for processing.

3) **POST-ARREST INVESTIGATION.** Upon arriving at the Portal Border Patrol Station, PONCE was enrolled into NGI/IDENT, a computerized fingerprint identification system. The NGI/IDENT results returned showing that the subject had been removed to Mexico and had a criminal record in the United States.

   PONCE is a citizen and national of Mexico.

4) **IMMIGRATION HISTORY.**

   1. Arrest Date: December 26, 2018
      Arresting Agency: ICE/ERO – Pecos, Texas
      Charge: INA 237(a)(1)(B) – Non-immigrant Overstay
      Disposition: Immigration detainer issued November 18, 2018, when encountered on local charges. Issued a Notice to Appear, granted voluntary departure in lieu of removal by an Immigration Judge January 20, 2019. Voluntary Departure to Mexico confirmed February 1, 2019 at El Paso, Texas.

   2. Arrest Date: February 6, 2024
      Arresting Agency: U.S. Border Patrol – Portal, North Dakota
      Charge: INA 212(a)(6)(A)(i) – Alien Present Without Admission
      Disposition: Ordered Removed by an Immigration Judge February 15, 2024. Removed to Mexico on March 6, 2024, at Brownsville, Texas.

5) **CRIMINAL HISTORY.**

   1. Arrest Date: November 18, 2018
      Agency: Department of Public Safety Reeves County Texas
      Charge 1: Deadly Conduct
      Charge 2: Driving While Intoxicated
      Disposition: Charge 1 dismissed. Charge 2 convicted, 31 days confinement.

6) **MIRANDA RIGHTS & CONSULAR NOTIFICATION.** On February 04, 2025, BPA Labatore, witnessed by BPA Engelstad notified PONCE of his Miranda Rights per Service Form I-214. PONCE acknowledged his rights by signing the Service Form I-214 and was willing to answer questions without an attorney present. During questioning PONCE admitted to being present in the United States illegally. PONCE stated he last entered the United States in April of 2024 when he illegally crossed by foot near El Paso, Texas. PONCE stated he was aware that crossing in this manner into the United States was illegal after being previously removed.

BPA Labatore notified PONCE of his right to consular communication. PONCE declined to speak with a consular official at that time.

No record could be found to indicate that PONCE has ever applied for or been granted permission to reenter the United States by the Attorney General or by his successor, the Secretary of the Department of Homeland Security.

In my training and experience, the above facts constitute a violation of 8 U.S.C. § 1326(a).

The foregoing is true and correct to the best of my knowledge and belief.

_____
Kevin Backes
United States Border Patrol Agent

Sworn to me by reliable electronic means, this 4th day of February, 2025.

_____
Alice R. Senechal
United States Magistrate Judge